428 F.Supp.2d 389 (2006)
In the Matter of R.M.W. Applicant
In the Matter of S.G.P. Applicant
Nos. 05-MC-409, 06-MC-116.
United States District Court, D. Maryland.
April 21, 2006.

*390 OPINION AND ORDER

LEGG, Chief Judge.
Two pending applications for membership in our Bar give the Court occasion to consider the factors that should bear upon the application of individuals who have been convicted of felony offenses. In one case, the applicant is seeking admission to the Court's Bar for the first time; in the other, the applicant seeks reinstatement after having been disbarred from membership.
The Local Rules of the Court clearly address the procedure for reinstatement that applies when an applicant has been suspended or disbarred. See Local Rule 705.4.[1] Less widely known perhaps is that a decision of this Court entered in 1984 addresses the requirements for first-time admission to the Court's Bar of a federally convicted felon. In In The Matter of G.L.S., 586 F.Supp. 375 (D.Md.1984), the Court, in an en banc opinion, denied the petition for admission of an attorney who had been convicted of armed robbery in this Court and sentenced to 10 years in prison. After serving 6 years in various penal institutions, the attorney had entered college and law school and was eventually admitted to practice by the Court of Appeals of Maryland.
After noting that admission to the bar of the highest state court of Maryland did not automatically require admission to the Bar of this Court, but acknowledging that deference was certainly due the state court's decision, the Court found that the ambiguity of the applicant's answers as well as the fact of his federal conviction weighed heavily against his application. The Court held that "there is at least a rebuttable presumption that an applicant to this bar, who is an unpardoned convicted felon, is not of good character." Id. at 379.
The Court also noted that a mechanism existed to investigate the private and professional character of federally convicted felons, namely specifically federal pardon procedures. "[E]xhaustion [of such procedures] will provide the Court with an investigative mechanism it otherwise lacks." Id. at 380.
The Court therefore concluded "that federal convicted felons must apply for and exhaust the pardon procedures of the Department of Justice prior to applying for admission to the bar of this Court," Id. Accordingly, the application of G.L.S. for admission to the bar was denied.
Arguably G.L.S. applies only to first-time admissions to the bar, whereas applications for reinstatement are regulated by Local Rule 705.4. The latter does set forth specific criteria for attorneys seeking reinstatement of their membership, and *391 provides that they "shall have the burden of demonstrating by clear and convincing evidence that [they] have the moral qualifications, competency and learning in the law required for admission to practice law before this Court and that [their] resumption of the practice will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." Local Rule 705.4.c. Nevertheless, it remains unclear as to attorneys seeking reinstatement whether the rule trumps the rationale of G.L.S. that unpardoned federal felons should have to pursue federal pardon procedures before being admitted to membership in the Court's bar.
Be that as it may, the present Court has determined en banc that G.L.S. should be explicitly overruled and that there should be no requirement that applicants who have been convicted of a federal felony first exhaust federal pardon procedures. Moreover, the Court believes that no distinction should be made between the first-time applicant and the applicant seeking reinstatement in the bar after having been disbarred.
Based on its experience with disciplinary matters in general over the past several years, the Court has developed a procedure which it feels is well-suited for passing upon such applications, which consists of appointing an investigative attorney to prepare a report and recommendation to the Court, followed, if deemed appropriate by the Court, by a hearing presided over by up to three Judges of the Court. At that hearing the Judges or Panel of Judges are able to evaluate, according to proper criteria, whether the applicant "has the appropriate qualifications, competency and learning in the law required for admission to practice before this Court," and that the attorney's "practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." See Local Rule 705.4. Pursuant to that rule, the petitioner bears the burden of convincing the trier of fact of his or her fitness for practice by clear and convincing evidence. The Court hereby adopts this procedure and the criteria of Local Rule 705.4 for all applications for membership in our Bar by individuals who have previously been convicted of a felony. Given the Court's present investigative capability, it sees no reason to distinguish between federal and state felony convictions. In both instances, the procedure and criteria discussed in this Opinion shall be applicable.
The Court, in addition, has considered whether the criteria for admission or reinstatement of attorneys in these circumstances should be stated in greater detail.
The Court notes that the criteria set forth in Local Rule 705.4.c are fairly general and is thus of the view that, while the criteria remain appropriate, both applicants and the Court would benefit from their more explicit articulation. The Maryland Rules of Procedure, for instance, are more specific. See Maryland Rule of Procedure 16-781(g). Similarly, in In re Manville, the District of Columbia Court of Appeals established a non-exhaustive list of 11 factors "for assessing the moral fitness of applicants whose backgrounds are tainted by criminal convictions." 494 A.2d 1289, 1296-97 (D.C.1985).
The Court concludes that substantially the same factors set out in the Maryland Rules and in the District of Columbia case law are suitable to the evaluation of petitions filed by convicted felons in this Court. The Court has amalgamated those factors into a list of its own, adapting some and adding others that it feels will better inform the Court's decisions. The factors are these:
1) The nature and character of the offense or offenses committed;

*392 2) The number and duration of offenses and the sentence as to each. (A copy of any judgment of conviction and of any opinion and order relative to same should be submitted);
3) The period of any probation or supervised release term and whether the petitioner's adjustment to same was satisfactory;
4) The age and maturity of the applicant when the offenses were committed;
5) The grant or denial of a pardon for any offenses committed;
6) Whether the petitioner was disbarred by any other court. (A copy of any opinion and order relative to same should be submitted);
7) The number of years that have elapsed since the last offense was committed, and the presence or absence of misconduct during that period;
8) Whether the petitioner has complied in all respects with the terms and conditions of prior disciplinary or remedial orders, including the payment of any costs ordered by the disbarring court;
9) Whether the petitioner has engaged or attempted or offered to engage in the unauthorized practice of law;
10) With regard to any incapacity or infirmity (including alcohol or drug abuse), whether it has ceased to exist and is not reasonably likely to recur in the future. (Appropriate medical certifications should be submitted);
11) Whether the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which discipline was imposed;
12) Whether the petitioner currently has the requisite honesty and integrity to practice law;
The opinions of character witnesses about the applicant's moral fitness; Whether the petitioner has kept informed about recent developments in the law and is competent to practice law;
Any other re-admissions to the bar since the petitioner's disbarment. (Any opinion and order relative to same should be submitted);
16) Any other matter that the petitioner may deem relevant to the application or that may be specifically requested by the Court.
The Court may eventually determine that changes in its Local Rules to cover these situations would be appropriate. For the present, however, and until such time as a rule change may be implemented, the procedure and criteria set forth herein should be taken as a guide for applicants for membership in the Court's Bar who have been previously convicted of a felony, whether they seek admission to the Court's Bar for the first time or whether they seek reinstatement after having been disbarred from any bar membership.

ORDER
Accordingly, it is this 21 day of APRIL, 2006, at the direction and on behalf of the Full Bench of the United States District Court for the District of Maryland, ORDERED:
17) This Court's Opinion and Order in In the Matter of G.L.S., 586 F.Supp. 375 (D.Md.1984) is overruled;
18) The procedures and criteria for evaluating both first-time petitions for membership in the Court's bar by convicted felons or petitions for reinstatement by convicted felons who have been disbarred from membership in this or any other court's Bar shall be as set forth in this *393 Opinion, supplemented, to the extent not inconsistent therewith, by Local Rule 705.4;
19) This Opinion and Order shall take effect immediately; and
20) Copies of this Opinion and Order shall be posted on the Court's website and shall be made available to the Maryland Daily Record, Westlaw and Lexis for publication.
NOTES
[1] It is not entirely clear whether the Rule refers only to reinstatement of an applicant who has been disbarred by this Court or as well an applicant who has been disbarred by any court of competent jurisdiction. To dispel any uncertainty, the Court holds that it is the latter.